IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
 : CASE NO. 1:13 CV 01962
ADVANCED CRITICAL DEVICES, INC., :
 :
                    Plaintiff, : <u>MEMORANDUM OF OPINION AND</u>
 : <u>ORDER</u>
        -vs- :
 :
 :
MARIAN P. RICCI, :
 :
                    Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Before the Court is a motion to dismiss for lack of personal jurisdiction filed by the defendant Marian P. Ricci. The defendant alternatively seeks an order transferring this matter to the Eastern District of Wisconsin. The plaintiff Advanced Critical Devices, Inc. ("Advanced"), has responded in opposition, and the defendant has filed a reply. For the reasons described below, the defendant's motion to dismiss will be granted.

**I.**

    The plaintiff Advanced, an Ohio Corporation with its principal place of business in Broadview Heights, Ohio, distributes medical devices. The defendant Marian P. Ricci, a citizen

of Wisconsin, was employed by Advanced as a sales representative from June 2011 to July 12, 2013. Ms. Ricci's job responsibilities included marketing and selling products manufactured by Advanced customers in her assigned territory. Her sales territory included Wisconsin, Minnesota, the Upper Peninsula of Michigan, and a portion of Illinois. During her employment with Advanced, Ms. Ricci resided in Wisconsin and communicated with her employer through telephone and email. She traveled to Ohio for work-related purposes a total of five times, attending three mandatory sales meetings and two Christmas parties hosted by the plaintiff.

Upon accepting a position with Advanced, Ms. Ricci came to Ohio in order to sign paperwork. At that time, she and Advanced entered in to a Sales Representative Agreement, which includes restrictive covenants that prohibit Ms. Ricci from working for or doing business with Advanced's customers both during her employment and for a period of twenty-four months following her departure from Advanced.

The plaintiff alleges that Ms. Ricci breached the restrictive covenants after leaving her position with Advanced and taking another position with Ivera Medical Corporation ("Ivera"). Advanced further alleges that Ms. Ricci breached the restrictive covenants while she was still employed by Advanced when she held herself out as a representative of Ivera, provided services to Ivera, solicited business for Ivera, and had diverted sales of Ivera products from Advanced to Ivera. Advanced filed this suit seeking damages for breach of the covenants.

Ms. Ricci now seeks dismissal of this case on the ground that personal jurisdiction is lacking.

## II.

In the context of a Rule 12(b)(2) motion, a plaintiff bears the burden of establishing the existence of jurisdiction. Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir.1989). Where, as here, the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is "relatively slight," Am. Greetings Corp. v. Cohn, 839 F.2d 1164, 1169 (6th Cir.1988), and "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal," Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir.1991). In that instance, the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh "the controverting assertions of the party seeking dismissal." Id. at 1459.

When faced with the question of personal jurisdiction in a diversity case, the a district court applies the law of the state in which it sits. Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980). The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements. See Nationwide Mutual Ins. Co. v. Tryg International Ins. Co., 91 F.3d 790, 793 (6th Cir.1993) (citing Reynolds v. International Amateur Athletic Fed'n, 23 F.3d 1110, 1115 (6th Cir.1994)). Although the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause, the central inquiry is whether minimum contacts are satisfied so as not to offend "traditional notions of fair play and substantial justice." See Cole v. Mileti, 133 F.3d 433, 436 (6th Cir.1998).

In the Sixth Circuit, there is a three-part test for determining whether the exercise of personal jurisdiction over a non-resident defendant comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Machine Company v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir.1968).

In this instance, the plaintiff has failed to establish that Ms. Ricci purposely availed herself of the privilege of acting in the State of Ohio. The "purposeful availment" requirement is satisfied when the defendant's contacts with the forum state "proximately result from actions by the defendant [herself] that create a 'substantial connection' with the forum State," and when the defendant's conduct and connection with the forum are such that she "should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985) (quoting World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297(1980)).

The plaintiff notes the following: Ms. Ricci applied for a job with Advanced, an Ohio firm; she accepted the Advanced's job offer while in Ohio; she worked for Advanced for over two years; during that time, she corresponded with Advanced through telephone and email, and she traveled to Ohio for work purposes on several occasions.

In the Court's view, these actions did not create a substantial connection to Ohio. In reaching this decision, the Court considers the quality of the contacts, not their quantity. Calphalon Corp. v. Rowlette, 228 F.3d 718, 722 (6th Cir. 2000). First, the fact that a Ms. Ricci entered into an employment contract with an Ohio employer is insufficient to confer personal jurisdiction over her. See Nationwide Mutual Ins. Co. v. Tryg International Ins. Co., 91 F.3d 790,

795 (6th Cir.1993). The Court must look to the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and parties' actual course of dealing" See Burger King, 471 U.S. at 479. In this instance, the parties' course of dealing and Ms. Ricci's performance of the contract were unconnected to the forum state. Ms. Ricci did not engage in any sales activity in Ohio; rather, she agreed to act as a sales representative in states outside of Ohio, namely Wisconsin, Minnesota, Michigan, and Illinois. Whatever contacts she had with Ohio, such as her correspondence with her employer and her visits to Ohio, were "purely fortuitous." These contacts occurred not because Ms. Ricci sought to create "continuous and substantial consequences" in Ohio, but rather solely because the plaintiff chose to reside there. These are "precisely the type of 'random,' 'fortuitous,' and 'attenuated' contacts that the purposeful availment requirement is meant to prevent from causing jurisdiction." Calphalon Corp., 228 F.3d at 723.

In addition, even if the Court could accept that Ms. Ricci had purposefully availed herself of the privilege of acting in Ohio, the cause of action in this instance does not "arise from" her contacts in Ohio. To determine whether the "arising from" requirement is satisfied, the Court looks to where the operative facts of the controversy arose. Southern Machine, 401 F.2d at 384. The facts at issue here did not occur in Ohio. Ms. Ricci's alleged breach, if it occurred, arose from her employment with Ivera, a California corporation. In carrying out her job responsibilities for Ivera, Ms. Ricci operated in a sales territory that included Wisconsin, Minnesota, Michigan, and Illinois. The cause of action in this instance did not arise from the defendant's contacts with Ohio. See Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 151 (6th Cir. 1997) (the

5

"arising from" requirement was not satisfied because defendant's alleged breach by failure to pay the purchase price occurred out of state).

**III.**

For the reasons stated above, the defendant's motion to dismiss is granted.

IT IS SO ORDERED.

                                        /s/ Lesley Wells
                                    UNITED STATES DISTRICT JUDGE

Date: 31 March 2015